Green, J.
delivered the opinion of the court. r
The equity of redemption to the lot in question descended, upon the death of John F. Brown, to his heirs. So soon as the lot was sold under the deed of trust, and Elliot became the purchaser, these heirs had a right to redeem it. Having the inheritance vested in them, our law knows of hut one mode, by which it can be divested for the satisfaction of the debts of the ancestor, and that is by pursuing strictly the provisions of the act of 1784, ch. 11. The inheritance of the heir can only be reached through the personal representative of the ancestor.— He has a right, that the personal assets shall be exhausted before he shall be called upon to surrender the lands descended to him. Until, therefore, the plea of fully administered be found in favor of the personal representative, and a scire facias run against the heir, the lands descended to him are not liable. Boyd vs. Armstrong, 1 Yer. Rep. 44. Gilman vs. Tisdale, Ibid 285. Peck vs. Wheaton, Mar. and Yer. R. 353.
If the lands in the hands of the heir, cannot by any process of law, or proceeding in equity, be rendered liable for the debts of the ancestor until made so by pursuing the act of 1784, ch. 11, can it be supposed, that all these guards, which are placed around the inheritance of the heir, are intended to be broken through by the acts of 1820, ch. 11, sec. 3, and 1823, ch. 24, sec. 2. The act of 1820, ch. 11, sec. 3, says a bona fide creditor of the individual whose interest in land may be sold, may redeem; but it does not mean that he may do so, when the heir is interested, unless the personal assets shall have been exhausted. Inasmuch as the heir being the owner of the land, had the same right to redeem, that would have existed in the ancestor had he been living, so the creditor who may interpose and prevent the exercise of that right, must be a creditor of the heir, rendered so by the proceeding the law requires, in order to charge the *15 lands descended to him. If this were not so, the lands of the heir might he taken in satisfaction of debts of the ancestor, for which they could never have been rendered liable, hut for the accidental circumstance, that they had been conveyed by the ancestor in trust to secure another debt. Inasmuch, therefore, as there had been no proceeding against the administrator, showing that there are no personal assets to pay these debts, and no scire facias against the heirs of Brown, by which to charge tire lands, we are of opinion that the real estate in the hands of the heirs is not liable to he taken in satisfaction of them, and that the defendants in error had no right to redeem the lot in question.
In addition to the point already noticed, there is another ground upon which a recovery in this action is successfully opposed. The declaration does not aver, nor do the facts agreed show, that the defendants in error offered and agreed ccto credit the person whose estate was sold with the further sum of ten per cent, or more, on the amount hid at the sale.” Such an offer and agreement, on the part of the creditor wishing to redeem, is made by the act a condition precedent to any right he may have to demand of the purchaser a conveyance of the interest pm-chased. Had the defendants in error made such offer, Elliot would then have had his election whether to convey the interest purchased, or “to pay or secure to be paid within six months thereafter,” to the defendants in error, “the sum so proposed to be advanced” by them on tire hid at the sale. He could only he liable for refusing to do what the law required him to do, and gave the defendants in error a right to demand. Until, therefore, they made this offer, they could not demand a conveyance, and he could not be liable to them, because the statute gave him a right to an election, which they did not put it in his power to make. This is an important fact, which in order to a recovery must be *16 averred in the declaration, and proved. 445-6-7. 1 Com. Dig.
Judgment reversed.*

 In the caso of Hawkins vs. Jamisdn, Martin and Yerger’s Rep. it was held no action at law would lie, for a refusal to permit a creditor to redeem.